The People of the State of New York ex rel. The Edison General Electric Company, Appellant, *v.* Edward P. Barker and Others, Commissioners of Taxes and Assessments for the City and County of New York, Respondents.

*Tax assessments in New York city — value of capital stock of a corporation — effect of the statement made on claiming a reduction — certiorari — value of patent rights — declaration of a dividend.*

When the facts which induce the commissioners of taxes and assessments for the city and county of New York to determine that the claim of a corporation, liable to be taxed upon the actual value of its capital, for a reduction of its assessment, as provided by section 820 of the Consolidation Act (Laws of 1882, chap. 410) is not founded in truth, may be found in the sworn statement made on behalf of the corporation to the commissioners, which forms a part of the petition in a proceeding to review the assessment by certiorari, it is not necessary that such facts should be also set up in the return.

*People ex rel. Edison Electric Illuminating Co.* v. *Barker* (139 N. Y. 55), construed and applied.

If, however, the commissioners rely on facts not otherwise appearing in the proceeding, they must state them in their return to the court. If this is not done, a refusal of the commissioners to decide in accordance with the evidence furnished by the sworn statement of the aggrieved corporation, if sufficiently full, apparently truthful, and not contradicted, constitutes legal error.

When the sworn statement made on behalf of such a corporation on its application, under the statute, for a reduction of the assessment of the actual value of

PEOPLE ex rel. EDISON GEN. EL. CO. *v*. BARKER.    419

Hun.]            First Department, December Term, 1893.

its capital, by excluding the value of patent rights owned by it, alleges that the value of the patent rights is unknown, although their cost is stated, such statement cannot be deemed to furnish controlling evidence on the question of their value.    Under such circumstances, and in the absence of proof, it will not be presumed by the court, on the hearing upon the return to a writ of certiorari, that the commissioners erred in their estimate of the value of the patent rights, assuming (but not deciding) that patents are subject to State taxation.

When the sworn statement presented by a corporation to the commissioners, for a reduction of its assessment, states that it has declared a dividend for the year then just ended on its entire capital, such statement amounts to an assertion on the part of the corporation that, shortly before its application to reduce the assessment, the value of the corporate assets equalled its capital, and will justify the commissioners in preferring such evidence to that furnished by other allegations in the statement, which it is claimed requires a reduction to be made in the assessed value of the assets, when, if the capital were impaired to the extent so claimed, it would follow that the directors of the corporation acted in violation of law in declaring the dividend.

Appeal by the relator, The Edison General Electric Company, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the city and county of New York on the 4th day of January, 1893, dismissing the writ of certiorari theretofore issued herein.

*Charles E. Miller*, for the appellant.

*William H. Clark* and *D. J. Deane*, for the respondents.

Parker, J.:

The appellant, a New York corporation with a capital stock actually paid in, or secured to be paid in, of $14,964,900, was assessed by respondents for the year 1892 at $15,000,000.

The corporation feeling aggrieved made application, pursuant to section 820 of the Consolidation Act, to have the assessment corrected.

It submitted a statement in writing and under oath which it claimed demonstrated that the assessment complained of was wholly erroneous and should be taken off.

Thereupon respondents reduced the assessment from $15,000,000 to $2,670,700, but the corporation being still dissatisfied, it became the relator in certiorari proceedings to review the assessment.

420 PEOPLE ex rel. EDISON GEN. EL. CO. v. BARKER.

First Department, December Term, 1893.        [Vol. 74.

The writ was dismissed at Special Term, and the relator having appealed, insists that a recent decision of the Court of Appeals (*People ex rel. Edison Electric Illuminating Co.* v. *Barker*, 139 N. Y. 55) commands a reversal.

In that case it was determined :

1. That when the evidence of a corporation as to the value of its assets is so full and complete as to establish the basic facts upon which its claim for reduction rests, and they are not contradicted, and no good reason is made to appear for doubting their truth, a refusal of the taxing officers to decide in accordance with such evidence constitutes legal error.

2. While the assessing officers are not bound by the sworn statements, when they have fair reason or ground for disbelieving them, they must return the information inducing such disbelief so that the court may understand what it was upon which they acted.

This of course does not mean that if the facts which lead to the conclusion that the contention of the aggrieved corporation is not founded in truth, may be found in its statement to the taxing officers, and which forms a part of its petition, must also be set up in the return. But if the assessors rely on facts not otherwise appearing in the proceeding they must return them.

Now, the return in this proceeding is in the usual form, and does not set up any of the special facts, if such there were, which induced the determination made.

Unless, then, the contention is well founded which is made in behalf of the respondents, that they were supported in their decision by the evidence presented by the corporation, the assessment made was erroneous.

The statement furnished the tax commissioners showed the following matters :

Capital stock paid in, or secured to be paid in, $14,964,900. But its gross assets, exclusive of patent rights, value unknown, it alleged to be only $9,459,500 ; thus giving its gross assets a valuation of about $5,000,000 less than the sum of money actually paid in, or secured to be paid in, for its stock.

But, according to the statement, the gross assets were chargeable with the payment of an indebtedness of the corporation amounting to $4,740,174, making the net value of its assets only $4,719,326, or

less than one-third of the amount of money paid in, or secured to be paid, for its capital stock.

The statement further alleges that other property of the corporation, amounting to $2,116,000, was permanently invested and taxable in other States ; that the gross assets included real estate of the assessed value of $982,500, while $3,526,800 of the gross assets were invested in the stocks of other corporations and otherwise taxed, making an aggregate of $11,365,474 to be offset, according to the contention of the relator, against gross assets amounting only to $9,459,400, necessarily leaving no basis for an assessment.

There are two grounds upon which the respondents challenge the statement of gross assets made by the relator :

1. It expressly excluded the value of its patent rights, asserting that such value was unknown.

If, then, it was proper for the tax commissioners to consider their value, the relator did not present any evidence to them which was controlling on the question. And it has not presented any evidence in this proceeding which will support a determination that they were not of such a value that, added to relator's admitted valuation of its gross assets, their total value would not be equal to the sum which the tax commissioners found them to be worth.

It is true that relator stated their cost to have been $326,000, but having further said that their present value is unknown, it cannot be assumed, for the purposes of this proceeding, that the commissioners erred in their estimate. It must be proven that they did, if such is the fact.

Whether an assessment against a corporation for the value of its patents is legal, was suggested but not decided by the Court of Appeals in the case above referred to, because not necessary for its decision.

· We shall not consider that question now, because the second ground on which the commissioners challenge the truth of relator's representation as to the gross value of its assets, seems to us sufficient not only to have raised a doubt, but to have justified an inference of fact that they were of greater value than claimed by relator. And, if so, then relator could only succeed by showing in this proceeding that there was an over-valuation. (Laws 1880, chap. 269.) This was not attempted.

As has already been observed, the relator stated to the commissioners that, after deducting the amount of its indebtedness from the gross valuation of its assets, the net value would be only $4,719,326. Yet, in the same statement, the relator admitted that for the year just ended it had declared and paid a dividend of eight per cent on its capital stock of $15,000,000.

A moment's examination will show that the tax commissioners would naturally and properly attach considerable importance to this statement.

The statute declares that it shall not be lawful for the directors or managers of any incorporated company in this State to make dividends except from the surplus profits arising from the business of the corporation.

If the capital of the corporation was impaired (counting the patents at cost) to the extent that the affidavit presented to the commissioners was intended to assure them, it would follow that the directors acted in violation of law. The presumption, of course, is that they acted legally and properly. This presumption, which attached to each of the members of the board of directors participating in declaring a dividend, amounted to an assertion on their part, but shortly before the application to reduce the assessment, that the value of the corporate assets was $15,000,000.

This evidence the relator placed before the tax commissioners, and they decided that the evidence furnished by an officer of the company, for the purpose of securing a pecuniary advantage to it, was overborne by the testimony furnished by the action of the directors and managers of the company while proceeding in the discharge of the trust committed to them.

These facts so far distinguish this case from the one cited as to require a different determination.

The order should be affirmed, with fifty dollars costs and printing disbursements.

VAN BRUNT, P. J., and O'BRIEN, J., concurred.

Order affirmed, with fifty dollars costs and printing disbursements.